```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                               :

KEVEN A. McKENNA, P.C.               :   BK No. 10-10256
         Debtor                          Chapter 11
- - - - - - - - - - - - - - - - - -x
In re:                               :

KEVEN A. McKENNA                     :   BK No. 10-10274
         Debtor                          Chapter 11
- - - - - - - - - - - - - - - - - -x
```

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

Heard on March 18 and 19, 2010, on creditor Sumner D. Stone's Motions to Proceed In Forma Pauperis throughout these Chapter 11 cases in order to file motions to protect his interests. In his motions, creditor Stone fails to cite any statutory authority that would authorize this Court to grant the relief requested.

With the exception of *in forma pauperis* proceedings provided for under 28 U.S.C. § 1930(a)(f) and limited exemptions provided for in the Bankruptcy Court Miscellaneous Fee Schedule, neither Congress nor the Judicial Conference has authorized general exceptions to fees based upon *in forma pauperis* grounds. Effective October 17, 2005, the Bankruptcy Reform Act of 2005 authorized the court to waive the filing fee only for individual Chapter 7 debtors, whose income meets the prescribed poverty threshold. However, subsection 1930(a)(f)(3) also provides that "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, *in accordance with Judicial Conference policy*,

BK Nos. 10-10256; 10-10274

fees prescribed under this section for other debtors and creditors" (emphasis added). Section 1930(b) authorizes the Judicial Conference of the United States to prescribe fees in bankruptcy cases, in addition to the filing fee prescribed by 28 U.S.C. § 1930(a). The Judicial Conference has exercised this authority by promulgating the Bankruptcy Court Miscellaneous Fee Schedule ("the fee schedule"). Accordingly, the fee schedule and any exceptions contained within it, sets forth the Judicial Conference's policy as to when local courts may waive or defer fees prescribed therein. Congress has not delegated any authority for Courts to adopt any local standing order, rule, or procedure to independently defer or waive any items in the fee schedule; thus, any exception to the payment of fees must be provided for within the fee schedule.

The motions Mr. Stone has indicated he wishes to file without fee in the instant cases are motions for relief from stay. This type of motion is covered under item 19 of the fee schedule and requires a $150 filing fee per motion filed. There are three situations in which the fee is not required: (1) for a motion for relief from the co-debtor stay; (2) for a stipulation for court approval of an agreement for relief from stay; or (3) for a motion filed by a child support creditor or its representative, if the form required by § 304(g) of the Bankruptcy Reform Act of 1994 is filed. None of these exceptions would apply to Mr. Stone in the

BK Nos. 10-10256; 10-10274

instant case.  Thus, based upon the lack of authority under 28 U.S.C. § 1930(a) or in the Bankruptcy Court Miscellaneous Fee Schedule, this Court cannot waive any future filing fees for Mr. Stone in this case.

In addition to this Court's lack of authority to grant the requested relief, after hearing, based upon the undisputed evidence alone, this Court finds that Mr. Stone is not without assets (real and personal property) and therefore would not qualify for *in forma pauperis* status even if such status was available to him.  The Court finds his testimony on his personal property assets was neither credible nor reliable.

Accordingly, it is **ORDERED** that for all of the above reasons, creditor Sumner Stone's Motion to Proceed In Forma Pauperis throughout these Chapter 11 cases is **DENIED**.

Entered as an Order of this Court, this  19th  day of March, 2010.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on Docket: 03/19/10
Document Number: 40